UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

R & J STEEL ERECTORS, LLC,

  Plaintiff,

v.

BUFFALO STRUCTURAL STEEL
CONSTRUCTION CORP. and
LIBERTY MUTUAL
INSURANCE COMPANY,

  Defendants.

Civil Action No. TDC-20-0533

## MEMORANDUM ORDER

Plaintiff R & J Steel Erectors, LLC ("R&J") filed this action against Defendants Buffalo Structural Steel Construction Corporation ("BSSC") and Liberty Mutual Insurance Company ("Liberty") alleging claims of breach of a payment bond and breach of contract related to a subcontract for erecting steel. Pending before the Court is Defendants' Motion to Dismiss. Since the filing of the Motion, the parties have resolved the claims against BSSC, which has been dismissed from the case. The Motion, now advanced by Liberty only, is fully briefed, and the Court finds that no hearing is necessary. *See* D. Md. Local Rule 105.6. For the reasons set forth below, the Motion will be DENIED.

## BACKGROUND

R&J filed its Complaint in this case on February 27, 2020. The 90-day period for service of a defendant expired on May 27, 2020. *See* Fed. R. Civ. P. 4(m); D. Md. Local R. 103.8(a). Pursuant to this Court's Standing Order 2020-07, however, R&J's deadline to serve the Defendants was extended by 84 days, to August 19, 2020, due to the COVID-19 pandemic. *See In Re: Court*

*Operations Under the Exigent Circumstances Created by COVID-19*, No. 00-0308 (D. Md. Apr. 10, 2020) (ECF No. 99). On September 14, 2020, noting that there was no record that either BSSC or Liberty had been served, this Court ordered R&J to show good cause within 14 days for its failure to serve Defendants. Within that timeframe, on September 27, 2020, R&J filed a Motion for Extension of Time to Serve Defendants and a Line Showing Good Cause for Failure to Serve. R&J stated that its counsel's new daughter had been born earlier than expected, and that in light of the COVID-19 pandemic, childcare options for counsel's other four children were generally unavailable. Accordingly, R&J requested an additional 30 days to effect service of process on Defendants. This Court granted R&J's extension on October 5, 2020. R&J served BSSC and Liberty within that 30-day time period.

## DISCUSSION

Liberty has filed a Motion to Dismiss pursuant to Rules 4(m) and 12(b)(5) of the Federal Rules of Civil Procedure. Liberty alleges that R&J's service of process was insufficient because R&J disregarded the service deadline, as extended by the Standing Order, and its excuses did not constitute "good cause." Mot. Dismiss at 7, ECF No. 20-1. Specifically, Liberty asserts that "good cause" requires "reasonable and diligent efforts to effect service," which it contends did not occur here. *Id.* (quoting *Shlikas v. SLM Corp.*, No. WDQ-09-2806, 2011 WL 2118843, at *3 (D. Md. May 25, 2011)).

Rule 4(m) requires a plaintiff to serve a defendant "within 90 days after the complaint is filed." Fed. R. Civ. P. 4(m). If a defendant is not served within that time, "the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time." *Id.* Where a plaintiff "shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.* "Generally, for purposes of Rule 4(m), 'good

2

cause' requires some showing of diligence on the part of the plaintiffs." *Attkisson v. Holder*, 925 F.3d 606, 627 (4th Cir. 2019). "Good cause" also "generally exists when the failure of service is due to external factors." *Id.*

The plain language of Rule 4(m), the relevant portion of which dates back to amendments in 1993, does not require good cause for a court to grant an extension of the service deadline. It states only that if the 90-day deadline is missed, a court must either dismiss without prejudice or extend the service period by a specified time. Fed. R. Civ. P. 4(m). As to good cause, it states only that if there is a showing of good cause, the court "must" extend the service period. *Id.* Considering the same language, judges within this District have observed as much in noting that it is unclear whether good cause is actually required to extend the service deadline. *See, e.g., Want v. Bulldog Fed. Credit Union*, No. ELH-19-2827, 2021 WL 1662456, at *3 (D. Md. Apr. 28, 2021); *Escalante v. Tobar Constr.*, No. PX-18-980, 2019 WL 109369, at *1 n.1 (D. Md. Jan. 3, 2019); *Lehner v. CVS Pharmacy*, No. RWT-08-1170, 2010 WL 610755, at *2 (D. Md. Feb. 17, 2010). Notably, the advisory committee's notes accompanying the 1993 amendments state that the revised rule, which was renumbered from Rule 4(j) to Rule 4(m), "authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown." Fed. R. Civ. P. 4(m) advisory committee's note to 1993 amendment.

The United States Court of Appeals for the Fourth Circuit, however, has held that under Rule 4(m), dismissal for untimely service is required "absent a showing of good cause." *See Mendez v. Elliot*, 45 F.3d 75, 78 (4th Cir. 1995). In *Mendez*, the court adopted this view based on its conclusion that the 1993 version of Rule 4(m) was "edited without a change in substance" from the former Rule 4(j), *id.*, even though that predecessor rule included different language that explicitly required good cause. *See* Fed. R. Civ. P. 4(j) (1988) (stating that when service is not

3

made within the required period of time "and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed"). In 2019, the Fourth Circuit reaffirmed the good cause requirement without specific consideration of the full language of Rule 4(m). *See Attkisson*, 925 F.3d at 627–28. Thus, regardless of the plain language of Rule 4(m), this Court is bound by controlling authority requiring good cause for an extension of the service deadline.

Good cause existed here. In its Motion for Extension of Time, R&J explained how the challenges posed by the COVID-19 pandemic, along with the early birth of counsel's daughter, hindered R&J's counsel from effecting service. "[W]hen the failure of service is due to external factors," as was the case here with the pandemic, "good cause generally exists." *Id.* at 627. As reflected by Standing Order 2020-07's general 84-day extension of all filing deadlines and postponement of nearly all court proceedings, the external factor of the COVID-19 pandemic severely curtailed and constrained all aspects of federal litigation, including in this Court, throughout the summer of 2020—the specific time period when R&J was tasked with effecting service. The impact of COVID-19 did not end after those 84 days.

Further, R&J noted that dismissal without prejudice for failing to meet the deadline would cause prejudice because the statute of limitations could bar R&J from refiling its claims. *See* Fed. R. Civ. P. 4(m) advisory committee's note to 1993 amendment ("Relief may be justified, for example, if the applicable statute of limitations would bar the refiled action. . . ."). Based on the unprecedented circumstances of the COVID-19 pandemic and associated hardships, and the prejudice that would result from dismissal, the Court finds, as it did in granting the Motion for Extension of Time, that good cause existed to grant a limited extension of the service period.

4

Because R&J served Liberty within the 30-day extended period, service of process was proper, and dismissal is not warranted.

Upon consideration of Liberty's remaining arguments, the Court finds that Liberty has not provided any persuasive basis for dismissal.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that:

1. Liberty's Motion to Dismiss, ECF No. 20, is DENIED.

2. Liberty shall file an Answer to the Complaint within **14 days** of the date of this Order.

Date: September 16, 2021

THEODORE D. CHUANG
United States District Judge